IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| WILLIE E. NEWTON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 120-162 |
| | ) | |
| BROOKS L. BENTON, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner brings the above-captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The petition is currently before the Court on Respondent's Motion to Dismiss Petition as Moot and/or as Untimely.  For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Respondent's motion to dismiss be **GRANTED**, (doc. no. 9), the petition be **DISMISSED**, and the case be **CLOSED**.

## I.    BACKGROUND

A jury sitting in the Superior Court of Richmond County, Georgia, found Petitioner guilty of one count of possession of cocaine, and on April 28, 1995, he was sentenced to fifteen years in prison to run consecutively to sentences imposed in three other cases.  (Doc. no. 10-1.)  On May 16, 1997, the Georgia Court of Appeals affirmed Petitioner's conviction.  Newton v. State, 486 S.E.2d 715 (Ga. Ct. App. 1997).  The State Board of Pardons and Paroles ("the

Board") released Petitioner on parole on May 24, 2011, on terms that were set to expire on February 23, 2025.  (Doc. no. 10-2.) After a final revocation hearing on July 15, 2015, (doc. no. 10-4, p. 8), the Board revoked Petitioner's parole on July 23, 2015, based on the finding he committed aggravated battery in Richmond County, Georgia, on March 14, 2015, (doc. no. 10-3).

On July 21, 2017, Petitioner filed for habeas corpus relief in the Superior Court of Tattnall County.  (Doc. no. 10-4, p. 1.)  Petitioner challenged his parole revocation on several fronts, including alleged violations of his (1) Sixth Amendment right to confront the witness against him who was the aggravated battery victim; and (2) Fourth and Fourteenth Amendment rights because his truck and home had been searched without a warrant and there was no physical or testimonial evidence presented from the victim confirming Petitioner committed the battery.  (See generally doc. no. 10-4.)  The state habeas court held a hearing and then denied relief in an order dated March 6, 2019, and filed on March 8, 2019.  (Doc. no. 10-5, pp. 1, 4.)  Petitioner sought review of the state habeas decision from the Georgia Supreme Court, but his appeal was dismissed on January 13, 2020.  (Doc. no. 10-6.)  Although Petitioner properly and timely filed a notice of appeal in the Superior Court, he did not timely file an application for a certificate of probable cause to appeal in the Supreme Court, as is required by O.C.G.A. § 9-14-52.  (See id.)  On January 5, 2021, the Board again paroled Petitioner on terms that are set to expire on February 23, 2025.  (Doc. no. 10-7.)

Petitioner signed the federal habeas corpus petition currently under review on October 22, 2020.  (Doc. no. 1, p. 9.)  In this petition filed pursuant to 28 U.S.C. § 2254, Petitioner raises two claims related to his July 2015 parole revocation.  In Ground One, Petitioner argues

2

he was denied the right to confront and cross-examine witnesses because neither a victim or witness attended the final revocation hearing, and in revoking Petitioner's parole, the Board improperly relied on the testimony of the investigator concerning what the victim told him about Petitioner battering him.  (Id. at 7; doc. no. 6, pp. 4-5.)  Petitioner alleges in Ground Two the Board failed to disclose all evidence against him and did not produce testimonial evidence from the victim or other physical evidence showing Petitioner was the person who committed the battery forming the basis for his revocation.  (Doc. no. 1, p. 7; doc. no. 6, pp. 7-8.) Petitioner emphasizes the aggravated battery charge underlying his revocation was dead docketed approximately one year after his revocation, (doc. no. 6, p. 10), and the state court entered an order of Nolle Prosequi on December 6, 2019, (id. at 11), because the victim could not be located.

Respondent argues the petition should be dismissed as moot and/or time-barred under 28 U.S.C. § 2244(d).  (See doc. no. 9.)  Petitioner opposes the motion, but spends the majority of his opposition attempting to argue the merits of his claims and challenge the manner in which his state parole proceedings were conducted.  (See doc. no. 12.)  Moreover, Petitioner asks that since he has been released from prison, he be compensated for every day he was wrongfully incarcerated because of the improper parole revocation proceedings.  (Id. at 8; see also doc. no. 6, p. 7 (requesting compensation in brief in support of petition).)

## II.   DISCUSSION

### A.   The Petition Is Moot

As described above, the two grounds for relief raised by Petitioner both focus on the manner in which the revocation proceedings were conducted in 2015.  In essence, Petitioner maintains if the alleged errors had not occurred, his parole would not have been revoked.

3

However, because Petitioner is no longer incarcerated pursuant to his July 2015 parole revocation, his current habeas petition is moot.

The jurisdiction of federal courts is limited by Article III of the Constitution to "Cases" or "Controversies." Soliman v. United States, 296 F.3d 1237, 1242 (11th Cir. 2002). "[A] case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." Barrera v. United States Att'y Gen., 557 F. App'x 877, 881 (11th Cir. 2014) (per curiam) (citation omitted); Soliman, 296 F.3d at 1242. If events occurring after the filing of a petition deprive the Court of the ability to provide meaningful relief, then the case is moot and must be dismissed. Soliman, 296 F.3d at 1242; see also Spencer v. Kemna, 523 U.S. 1, 7 (1998) ("[T]hroughout the litigation, the plaintiff 'must have suffered or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'") (citation omitted). Because mootness is jurisdictional, dismissal is required if no case or controversy remains. See Soliman, 296 F.3d at 1242.

There is an "exception to the general rule [of mootness] in cases that are capable of repetition, yet evading review." Murphy v. Hunt, 455 U.S. 478, 482 (1982) (internal quotations omitted). For the exception to apply, however, the circumstances must show "two elements combined: (1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again." Id. There must be a 'reasonable expectation' or a 'demonstrated probability' that the same controversy will recur involving the same complaining party. Id. (emphasis added) (citation omitted); see also City of Los Angeles v. Lyons, 461 U.S. 95, 109, (1983) ("[T]the capable-of-repetition doctrine

applies only in exceptional situations, and generally only where the named plaintiff can make

a reasonable showing that he will again be subjected to the alleged illegality.")

Here, the record confirms that as of January 5, 2021, Petitioner has been paroled.  (Doc.

no. 10-5.)  The incarceration of which he complained is now over and cannot be undone.

Petitioner has not demonstrated the capable of repetition, yet evading review exception applies,

as indeed he has not established a reasonable expectation he will be subjected to the same

action again.  This is particularly true because the revocation of which he complains was based

on a crime which allegedly occurred and was investigated in 2015.  The petition is moot, and

Petitioner has not demonstrated an exception to the mootness doctrine applies.  See Spencer,

523 U.S. at 8; Murphy, 455 U.S. at 482; Barrera, 557 F. App'x at 881; Soliman, 296 F.3d at

1242.  Accordingly, the motion to dismiss based on mootness should be granted.

## B.    Even if the Petition Is Not Moot, It Is Untimely

Pursuant to AEDPA, 28 U.S.C. § 2244(d), there is a one-year statute of limitations for

§ 2254 petitions that runs from the latest of:

>  (1)(A) the date on which the judgment became final by the conclusion of direct
> review or the expiration of the time for seeking such review;
>
>  (B) the date on which the impediment to filing an application created by State
> action in violation of the Constitution or laws of the United States is removed,
> if the applicant was prevented from filing by such State action;
>
>  (C) the date on which the constitutional right asserted was initially recognized
> by the Supreme Court, if the right has been newly recognized by the Supreme
> Court and made retroactively applicable to cases on collateral review; or
>
>  (D) the date on which the factual predicate of the claim or claims presented
> could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction
> or other collateral review with respect to the pertinent judgment or claim is

pending shall not be counted toward any period of limitation under this subsection.

Under § 2244(d)(1)(A), a judgment becomes final upon "the conclusion of direct review or the expiration of the time for seeking such review." Pursuant to 28 U.S.C. § 2244(d)(2), the one-year statute of limitations does not run while a properly filed application for state post-conviction or other collateral review is pending in state court. Cramer v. Sec'y, Dep't of Corr., 461 F.3d 1380, 1383 (11th Cir. 2006). In Georgia, "when a state habeas petitioner seeks a certificate of probable cause from the Georgia Supreme Court and the Court denies the request, the petitioner's case becomes complete when the Court issues the remittitur for the denial." Dolphy v. Warden, Cent. State Prison, 823 F.3d 1342, 1345 (11th Cir. 2016). As it pertains to challenges to parole revocations, the one-year statute of limitations is triggered by 28 U.S.C. § 2244(d)(1)(D), the date the factual predicate for the presented claims could have been discovered through due diligence. Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008) (per curiam); Ray v. Mitchem, 272 F. App'x 807, 809-10 (11th Cir. 2008) (per curiam). Thus, the one-year limitations period begins to run based on the day the Board revokes parole. Hawes v. Howerton, 335 F. App'x 882, 884 (11th Cir. 2009) (per curiam) (citing Brown, 512 F.3d at 1307-08).

Here, the Board revoked Petitioner's parole on July 23, 2015, well over one-year prior to the date he signed his federal petition. Although Petitioner did pursue state habeas relief, by the time he filed his state petition on July 21, 2017, the federal one-year statute of limitations had expired, leaving no time period remaining to be tolled. See Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004) ("[O]nce a deadline has expired, there is nothing left to toll. A state court filing after the federal habeas filing deadline does not revive it.") (citing Moore v.

6

Crosby, 321 F.3d 1377, 1381 (11th Cir. 2003)).  Thus, the instant petition signed on October

22, 2020, is untimely.

     **C.**    **The Limitations Period Was Not Otherwise Reset under AEDPA, and Petitioner Has Not Shown that He Is Entitled to Equitable Tolling or that a Fundamental Miscarriage of Justice Has Occurred**

Petitioner has not provided any explanation that would delay or reset his one-year

statute of limitations under any statutory sections of AEDPA set forth above.   Nevertheless,

an otherwise untimely § 2254 petition may be considered if a petitioner can demonstrate that

either he is entitled to equitable tolling or that a fundamental miscarriage of justice has

occurred.   Equitable tolling can be applied to prevent application of AEDPA's statutory

deadline, but only if a petitioner "shows '(1) that he has been pursuing his rights diligently,

and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."

Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408,

418 (2005)); see also Lawrence v. Florida, 549 U.S. 327, 336 (2007).  Nevertheless, equitable

tolling is typically applied sparingly, Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000), and

is available "only in truly extraordinary circumstances."  Johnson v. United States, 340 F.3d

1219, 1226 (11th Cir. 2003).  The petitioner bears the burden of proving his entitlement to

equitable tolling, San Martin v. McNeil, 633 F.3d 1257, 1268 (11th Cir. 2011), and will not

prevail based upon a showing of either extraordinary circumstances or diligence alone; the

petitioner must establish both.  See Chavez v. Sec'y Fla. Dep't of Corr., 647 F.3d 1057, 1072

(11th Cir. 2011).

Consideration of an otherwise untimely petition for federal habeas corpus relief may

also be appropriate upon a showing that a "fundamental miscarriage of justice" has occurred,

whereby "a constitutional violation has probably resulted in the conviction of one who is

actually innocent." McQuiggin v. Perkins, 569 U.S. 383, 392 (2013) (citing Murray v. Carrier, 477 U.S. 478, 495-96 (1986)); see also Wyzykowski v. Dep't of Corr., 226 F.3d 1213, 1218-19 (11th Cir. 2000). The actual innocence exception "is exceedingly narrow in scope," and a time-barred petitioner seeking to invoke it must be able "(1) to present 'new reliable evidence . . . that was not presented at trial,' and (2) to show 'that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt' in light of the new evidence." Rozzelle v. Sec'y, Fla. Dep't of Corr., 672 F.3d 1000, 1011 (11th Cir. 2012) (citations omitted). As the Supreme Court emphasized, "The miscarriage of justice exception, we underscore, applies to a severely confined category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" McQuiggin, 569 U.S. at 394-95. Finally, "actual innocence means factual innocence, not mere legal insufficiency." Bousely v. United States, 523 U.S. 614, 623-24 (1998) (internal quotations and citation omitted).

Here, Petitioner has not shown that extraordinary circumstances prevented him from timely filing his federal claims or that a miscarriage of justice will occur if his claims are not considered. Petitioner argues he had limited time in the prison library to research his case. (Doc. no. 12, pp. 5-6.) However, ignorance of the law is not an extraordinary circumstance that would justify equitable tolling. The Eleventh Circuit does not accept "a lack of legal education and related confusion or ignorance about the law as [an] excuse[] for a failure to file in a timely fashion. As with any litigant, *pro se* litigants 'are deemed to know of the one-year statute of limitations.'" Perez v. Florida, 519 F. App'x 995, 997 (11th Cir. 2013) (*per curiam*) (citations omitted); see also Jones v. United States, 304 F.3d 1035, 1044 (11th Cir. 2002) (*per curiam*) (rejecting ignorance of law, inefficiencies, or inconveniences as qualifying as

extraordinary circumstances). Likewise, even if there were any support for the conclusory assertion Petitioner had limited access to the law library for two years, restricted access to a law library, lock-downs, and solitary confinement do not automatically qualify for equitable tolling. Miller v. Florida, 307 F. App'x 366, 368 (11th Cir. 2009) (*per curiam*).

Even if the circumstances described by Petitioner qualified as extraordinary, and they do not, Petitioner cannot satisfy the requisite additional prong of showing he pursued his rights diligently. See Holland, 560 U.S. at 649. For example, Petitioner does not describe filing grievances about law library access or seeking help from the courts to gain such access. Nor does he describe any attempts to contact the state courts, or utilize any resources inside or outside of the prison to help him file for any post-conviction relief. See Miller, 307 F. App'x at 368 (rejecting bare assertions regarding lack of library access in light variety of other options for communicating about case that untimely petitioner could have pursued). In sum, Petitioner's conclusory allegations do not meet the "strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence." Brown, 512 F.3d at 1307.

Nor do Petitioner's claims contest his guilt of the underlying conviction. To the extent his opposition to the motion to dismiss challenges his guilt of the parole violation, he has presented no *evidence* to support, let alone satisfy, the high burden that no reasonable fact finder could have found him guilty of the parole violation for which he was revoked. See Ray, 272 F. App'x at 810-11. Indeed, Plaintiff never affirmatively denies committing the battery, but instead he challenges the procedures used in his revocation proceedings. Alleged legal insufficiency cannot satisfy Petitioner's burden. See Bousely, 523 U.S. at 623-24.

Because Petitioner has not shown he pursued his rights diligently and some extraordinary circumstance prevented the timely filing of his federal habeas corpus claims or

that a miscarriage of justice will occur if the untimely claims are dismissed, neither equitable tolling nor the fundamental miscarriage of justice exception saves the untimely petition from dismissal.  Accordingly, even if the Court assumes the petition is not moot, the motion to dismiss based on untimeliness should be granted.

### D.    Monetary Relief Is Not Available as Part of These Habeas Proceedings

For the sake of completeness, the Court notes Petitioner requests he be compensated for every day he was wrongfully incarcerated because of the allegedly improper parole revocation proceedings.  (Doc. no. 12, p. 8; see also doc. no. 6, p. 7 (requesting compensation in brief in support of petition).)  "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus, Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S. Ct. 1827, 36 L.Ed.2d 439 (1973); requests for relief turning on circumstances of confinement may be presented in a § 1983 action."  Muhammad v. Close, 540 U.S. 749, 750 (2004) (per curiam); see also Siskos v. Sec'y, Dep't of Corr., 817 F. App'x 760, 764 (11th Cir. 2020) (per curiam) (same).  To the extent Petitioner seeks monetary damages for the time he spent incarcerated after the 2015 revocation until his release in 2021, such claims are more properly brought in a § 1983 case.  Of course, were Petitioner to bring a civil rights case seeking monetary damages, he must clear the bar of Heck v. Humphrey, 512 U.S. 477, 487 (1994), and its instruction that a plaintiff may not proceed with a § 1983 claim for damages where success would necessarily imply the unlawfulness of a conviction or sentence.  Here, it is sufficient to conclude monetary damages are not available under the circumstances of these habeas proceedings.

### III.   CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS**

Respondent's motion to dismiss be **GRANTED**, (doc. no. 9), the petition be **DISMISSED**, and the case be **CLOSED**.

SO REPORTED and RECOMMENDED this 15th day of March, 2021, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA